```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

SHANNON F. DOUGLAS                            CIVIL ACTION

VERSUS                                        NO: 04-2825

JO ANNE B. BARNHART,                          SECTION: R(4)
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION
```

## ORDER AND REASONS

This is an action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Before the Court are plaintiff Shannon F. Douglas' objections to the report and recommendation of the United States Magistrate Judge recommending that plaintiff's claims be dismissed with prejudice. For the following reasons, the Court finds that the Commissioner's decision is not supported by substantial evidence. Accordingly, the Court REVERSES the decision of the Commissioner and REMANDS the case to the Commissioner with directions to award benefits.

**I.   BACKGROUND**

Plaintiff Shannon Douglas filed an application for childhood disability benefits on July 11, 2002.  Plaintiff was 18 years old at the time of her application.  Plaintiff has a tenth grade education, no relevant past work experience, and she currently lives with her mother, sister, and her young daughter.  Plaintiff has asthma and a history of both attention deficit hyperactivity disorder and behavioral problems.

In connection with her application, on November 19, 2002, plaintiff was examined by Clarence M. Bergeron, Ph.D., an independent psychological consultant.  During the examination, Dr. Bergeron gave plaintiff the Weschler Adult Intelligence Scale-Third Edition IQ test, on which plaintiff achieved a verbal IQ score of 70, a performance IQ score of 68, and a full scale IQ score of 66.  (*See* Admin. Rec. at 146).  Dr. Bergeron also determined that plaintiff had "Adjustment Disorder With Disturbance of Conduct" on Axis I of the multiaxial classification system contained in the *Diagnostic and Statistical Manual of Mental Disorders*, Fourth Edition.  (*See* Admin. Rec. at 147).

Plaintiff's application for disability benefits was initially denied.  Plaintiff filed a timely request for a hearing before an Administrative Law Judge, and she participated in a

hearing before the ALJ on February 18, 2004.  The ALJ denied plaintiff's application in a ten-page decision dated April 22, 2004, after finding that plaintiff does not suffer a "disability," as defined by the Social Security Act.  The Appeals Council denied review on August 13, 2004, making the ALJ's decision the final decision of the Commissioner.  Plaintiff thereafter filed this action for review of the Commissioner's decision under 42 U.S.C. § 405(g).  On November 2, 2005, the United States Magistrate Judge recommended that the Commissioner's decision be upheld and that plaintiff's claim be dismissed with prejudice.

Plaintiff makes three objections to the magistrate judge's report and recommendation:

- (i) that the magistrate judge erred by finding that plaintiff does not meet the criteria of section 12.05(C) of the Listing of Impairments, set forth at 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05(C);

- (ii) that plaintiff did not validly waive her right to be represented by counsel at her administrative hearing because the ALJ failed to explain to her that she might be able to obtain counsel at no cost or that she could obtain counsel on a contingency fee basis; and

- (iii) that the ALJ did not fulfill her duty to fully develop the record because she did not provide plaintiff with the opportunity to have her sister testify as a witness.

Because the Court concludes that the ALJ's decision that

plaintiff's condition does not meet the criteria of any listed impairment is not supported by substantial evidence, the Court does not reach plaintiff's second and third objections.

**II.   DISCUSSION**

    **A.   Standard of Review**

The function of this Court in an action for judicial review under 42 U.S.C. § 405(g) is limited to determining whether there is substantial evidence in the record to support the Commissioner's decision, and whether the Commissioner applied the appropriate legal standards in reaching the decision.  *See Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).  The Commissioner's final decision must be upheld if it is supported by substantial evidence.  *See* 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla, but less than a preponderance, and is such evidence as a reasonable mind might find adequate to support a conclusion based thereon.  *Spellman*, 1 F.3d at 360.  The Court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *See Martinez*, 64 F.3d at 173; *Spellman*, 1 F.3d at 360.  It is well-established, however, that the Commissioner's decision can be upheld only on the grounds actually given by the Commissioner.

*Cole v. Barnhart*, 288 F.3d 149, 151 (5th Cir. 2002); *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000).

    **B.    Determining Disability**

    The Commissioner must follow a sequential, five-step process to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. At the first step, the Commissioner considers whether the claimant is currently engaged in substantial gainful activity. *Id.* § 404.1520(a)(4)(i). If so, the claimant is not disabled. *Id.* If not, the Commissioner proceeds to step two and determines whether the claimant has a severe impairment, defined as "any impairment or combination of impairments which significantly limit [the claimant's] physical or mental ability to do basic work activities." *Id.* § 404.1520(a)(4)(ii), (c). If the claimant has a severe impairment, the Commissioner then considers whether the impairment meets or equals an impairment in the Listing of Impairments at 20 C.F.R., Part 404, Subpart P, Appendix 1. *Id.* § 404.1520(a)(4)(iii). If so, the claimant is considered disabled without further inquiry. *Id.* § 404.1520(d). If the claimant's condition does not meet or equal a listed impairment, the inquiry proceeds to steps four and five, at which the Commissioner considers whether the claimant can perform his own past relevant work or other relevant work that is available

in the national economy.  *Id.* § 404.1520(a)(4)(iv)-(v).  If so, the claimant is not disabled.  *Id.*

The burden is on the claimant to establish disability at steps one through four.  *See Shave v. Apfel*, 238 F.3d 592, 594 (5th Cir. 2001) (quoting *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir. 1999)).  At step five, the burden is on the Commissioner to show that the claimant can perform other relevant work.  *Id.* (quoting *Crowley*, 197 F.3d at 197-98).

### C.   The Commissioner's Decision

In this case, the ALJ found that plaintiff satisfied the first two steps of the five-step process, as plaintiff is not engaged in substantial gainful activity and has a "severe" impairment within the meaning of the regulations.  The ALJ stated:

> The medical evidence indicates that the claimant has mild mental retardation, asthma, and a history of ADHD (attention deficit hyperactivity disorder).  These are severe impairments within the meaning of *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985), and the Regulations.

(Admin. Rec. at 12).  At step three, however, the ALJ found that plaintiff's condition did not meet or equal a listed impairment:

> The claimant has no impairment or combination of impairments that meets the criteria of any of the impairments listed in the Listing of

> Impairments, Appendix 1, Subpart P, Regulations No. 4. No treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment.

(Admin. Rec. at 13). The ALJ then evaluated plaintiff's residual functional capacity to determine whether plaintiff could perform any relevant work that exists in significant numbers in the national economy. The ALJ found that plaintiff has no exertional limitations on her residual functional capacity and that, although she has "moderate limitations in understanding, remembering, and carrying out detailed instructions," as well as in "her ability to get along with others," she is capable of performing work that exists in significant numbers in the national economy. (Admin. Rec. at 17). On the basis of that finding, the ALJ determined that plaintiff is not disabled.

**D.   Analysis**

Plaintiff contends that the ALJ erred at step three of the five-step process, when she found that plaintiff's condition does not meet or equal any listed impairment. She argues that the evidence in the record and the findings made in the ALJ's opinion establish that her condition satisfies the criteria of section 12.05(C) of the Listing of Impairments. Section 12.05(C) provides as follows:

7

> 12.05 Mental Retardation:  Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> . . . .
>
> C.  A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function. . . .

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05(C).

Plaintiff asserts that the ALJ's express findings that plaintiff suffers from three "severe" impairments (mild mental retardation, asthma, and ADHD) compels the conclusion that plaintiff satisfies the criteria of section 12.05(C).  Plaintiff further argues that other evidence in the record, such as Dr. Bergeron's finding that plaintiff has "Adjustment Disorder With Disturbance of Conduct,"[1] also supports a finding that plaintiff satisfies the requirements of section 12.05(C).

The magistrate judge rejected plaintiff's arguments.  The magistrate judge noted that, in addition to an IQ score between

---

[1](Admin. Rec. at 147).

8

60 and 70, section 12.05(C) requires an additional *and significant* work-related restriction. Looking to the record before the ALJ, the magistrate judge found that plaintiff had not met her burden of showing that her asthma or history of ADHD are *currently* of sufficient severity to impose a substantial limitation on plaintiff's ability to work. The magistrate judge therefore concluded that there was substantial medical evidence in the record to support the ALJ's determination that plaintiff does not satisfy section 12.05(C).

    The Court is not persuaded that the record contains substantial evidence to support the Commissioner's decision. To begin with, the Court has no way of determining how, why, or even whether the ALJ actually determined that plaintiff did not satisfy section 12.05(C), because the ALJ did not expressly consider section 12.05(C) in her decision. Although the ALJ found that plaintiff suffers from mental retardation and that her verbal, performance and full scale IQ scores are all between 60 and 70, the ALJ nonetheless did not specifically analyze section 12.05(C). (Admin. Rec. at 12-14). Rather, the ALJ's only mention of the Listing of Impairments was the cursory statement that plaintiff's condition does not meet or equal in severity any listed impairment. (*See* Admin. Rec. at 13). The ALJ's failure to even mention section 12.05(C) is itself arguably sufficient to

require a remand for further factual development.  *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002) (remand appropriate for ALJ's failure "to articulate adequately the bases for his conclusions" when ALJ's opinion did not discuss listed impairment that was critical to claimant's case).  As discussed below, however, the ALJ's factual findings in this case establish plaintiff's entitlement to benefits as a matter of law, so further factual development is unnecessary.

The facts found by the ALJ clearly show that plaintiff satisfies the first two of section 12.05(C)'s requirements:  an impairment onset date before age 22 (indeed, claimant was only 20 years old at the time of her hearing before the ALJ) and a valid IQ score between 60 and 70.[2]

The remaining requirement of section 12.05(C) is that, in addition to any limitations resulting from the claimant's mental

---

[2] It is unclear whether section 12.05(C) requires a diagnosis of mental retardation in addition to a valid IQ score between 60 and 70.  The magistrate judge's opinion can be read to suggest that it does.  (*See* Rec. Doc. 12, at 21 ("Even assuming that Douglas had the requisite deficits in adaptive functioning before the age of 22 . . . .").  The Eighth Circuit Court of Appeals has recently held that it does not.  *See Maresh v. Barnhart*, --- F.3d ---, 2006 WL 452904, at *2 (8th Cir. Feb. 27, 2006) ("[T]his court disagrees with the Commissioner that the Listing's introductory paragraph requires a formal diagnosis of mental retardation.").  In any event, the ALJ expressly found that claimant suffers from mild mental retardation, so any such requirement is satisfied in this case.

10

retardation, the claimant must also have a "physical or other mental impairment causing an additional and significant work-related limitation of function."  20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05(C).  The Fifth Circuit has not defined what constitutes an "additional and significant" limitation of function for purposes of section 12.05(C), but other courts of appeals have held that an impairment that qualifies as "severe" under step two of the five-step analysis necessarily imposes a "significant" limitation within the meaning of section 12.05(C). *See, e.g., Markle v. Barnhart*, 324 F.3d 182, 188 (3d Cir. 2003) ("Several courts of appeals have held that a finding of severe impairment establishes the second prong of § 12.05C.") (collecting cases); *see also Jones v. Barnhart*, 335 F.3d 697, 699 (8th Cir. 2003) ("A physical or other mental impairment is sufficient to satisfy the second part of this test when such impairment has more than slight or minimal effect on [the claimant's] ability to perform work.") (internal quotation marks omitted) (alteration in original).  Several district courts in this circuit have similarly equated the meaning of "significant" under section 12.05(C) with the definition of "severe" under step two.  *See Laffitte v. Apfel*, 81 F. Supp. 2d 669, 672-73 (W.D. La. 1999); *Estelle v. Sec'y of Health & Human Servs.*, 751 F. Supp. 110, 114-15 (W.D. La. 1989); *Romero v. Sec'y of Health & Human*

*Servs.*, 707 F. Supp. 249, 253-54 (W.D. La. 1989). This interpretation is also consistent with the definition of a severe impairment in the regulations, which state that "[i]f you do not have any impairment or combination of impairments which *significantly limits* your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment." 20 C.F.R. § 404.1520(c) (emphasis added).[3] Accordingly, the Court finds that a condition found to be a severe impairment at step two of the sequential evaluation is also significantly limiting within the meaning of section 12.05(C).[4]

As noted *supra*, in addition to finding that plaintiff is mildly mentally retarded, the ALJ also found that plaintiff's

---

[3] The Fifth Circuit has, in turn, made clear that the Commissioner can find that an impairment is not severe "only if it is a slight abnormality" with "such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work." *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985) (citations omitted).

[4] Such a conclusion also accords with the structure of section 12.05(C), which requires mental retardation *and* an additional, significantly limiting impairment. Any interpretation of section 12.05(C) that required the additional impairment to itself be disabling or of such severity as to prevent the plaintiff from working would effectively render the section meaningless. *Sird v. Chater*, 105 F.3d 401, 403 (8th Cir. 1997) ("'If the plaintiff's physical impairment were required to be independently disabling, section 12.05(C) would be rendered meaningless.'") (quoting *Branham v. Heckler*, 775 F.2d 1271, 1273 (4th Cir. 1985)).

asthma and ADHD are "severe impairments within the meaning of *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985) and the Regulations." (Admin. Rec. at 12). In light of this express finding, the ALJ should therefore also have found that those impairments are additional and significant work-related limitations under section 12.05(C).

The magistrate judge searched the record that was before the ALJ and found that there was substantial evidence to support the conclusion that plaintiff's asthma and ADHD do not significantly limit plaintiff's ability to work because plaintiff's asthma is controlled by medication and the record does not show that plaintiff currently has symptoms of ADHD. The magistrate judge found it significant that the record showed no evidence that plaintiff had been hospitalized for an asthma attack between July 2001 (the date from which plaintiff is eligible to receive benefits) and the date of the ALJ's decision in April 2004. The magistrate judge stated:

> There is no evidence of any treatment for asthma during the period in question (*i.e.*, from July of 2001 to the date of the decision). Plaintiff's last hospitalization for a severe asthma attack was a three day stay at Chabert Hospital (October 4, 2000 to October 7, 2000). LSU Medical Center's Pediatric Progress Notes dated October 9, 2001 reveal a physical assessment of completely normal for all systems. . . . Suffice it to say, there is no evidence of

13

> any exacerbations of plaintiff's asthma symptomotolgy [sic] after October of 2000.

(Rec. Doc. 12, at 21 (footnotes omitted)).

The magistrate judge's analysis is troubling for several reasons. First, as noted above, the ALJ did not expressly consider section 12.05(C), so the magistrate judge's defense of the ALJ's decision has a somewhat hypothetical quality to it. Second, the record is not sufficient to support the magistrate judge's finding that plaintiff's asthma and ADHD were not significantly limiting at any time between July 2001 and April 2004. Plaintiff filed her claim in July 2002, and medical records were submitted shortly thereafter. (*See* Admin. Rec. at 100-143). The magistrate judge correctly noted that those records show that plaintiff was last hospitalized for her asthma from October 4, 2000 through October 7, 2000, and they contained only passing references to plaintiff's ADHD. (*See* Admin. Rec. at 101-111, 115-119). But plaintiff's hearing before the ALJ did not take place until February 2004, and there is nothing in the record to suggest that updated medical records for the period from July 2002 through the date of the ALJ's decision were ever requested or received. Nor did the ALJ ask plaintiff any questions about her asthma during the hearing on her claim. Although the burden is on the plaintiff to establish disability,

14

the ALJ has a duty to fully and fairly develop the record, including by requesting additional medical information, if necessary, particularly when the plaintiff is not represented by counsel. *See Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996) ("When a claimant is not represented by counsel, the ALJ owes a heightened duty to 'scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts.'") (quoting *Kane v. Heckler*, 731 F.3d 1216, 1219-20 (5th Cir. 1984); *see also Smith v. Apfel*, 231 F.3d 433, 437-38 (7th Cir. 2000) (finding that ALJ erred in not gathering additional medical evidence to assess status of claimant's arthritis). In the absence of fully updated medical records, it is at the very least indeterminable whether plaintiff had any asthma attacks in the nearly two years between the initial request for medical records and the ALJ's decision, and the record cannot therefore support the magistrate judge's finding that plaintiff's asthma and ADHD were not significantly limiting at any time between July 2001 and April 2004.

Most important, however, regardless of whether a finding that plaintiff's asthma and ADHD are not significantly limiting *could* be supported by evidence in the record, that conclusion is squarely foreclosed by the ALJ's clear and unambiguous finding that plaintiff's asthma and ADHD *are* severe impairments within

the meaning of the regulations.  Given this finding, the magistrate judge should not have looked further into the record to justify the ALJ's apparent conclusion that plaintiff did not have an additional and significant impairment in addition to her mental retardation.

Accordingly, the Court finds that there is not substantial evidence to support the ALJ's decision that plaintiff does not satisfy the requirements of section 12.05(C) of the Listing of Impairments.  The facts found by the ALJ compel a determination that plaintiff's condition satisfies section 12.05(C), and the ALJ therefore erred in finding that plaintiff was not disabled.

**III. CONCLUSION**

For the reasons stated above, the Court REVERSES the decision of the Commissioner and REMANDS this case to the Commissioner with instructions to award plaintiff disability benefits.

New Orleans, Louisiana, this 17th day of March, 2006.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE